NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

EDI DONALDO BARRERA-
SALGUERO,

        Petitioner,

        v.

R. THOMPSON,

        Respondent.

CIV. NO. 25-18270 (RMB)

**OPINION**

RENÉE MARIE BUMB, Chief United States District Judge

This matter comes before the Court upon Petitioner Edi Donaldo Barrera-Salguero's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" Dkt. No. 1) and Respondent's answer to the petition ("Answer" Dkt. No. 4.)  Petitioner challenges the Federal Bureau of Prison's ("BOP") failure to calculate and apply his earned time credits under the First Step Act ("FSA").  He contends that his FSA time credits, when combined with his Good Conduct Time, entitle him to immediate prerelease custody.  (Petition at 15.)  Respondents oppose the Petition because Petitioner failed to exhaust the BOP's administrative remedy program and Petitioner's request for application of FSA time credits is premature.  (Answer at 3.)  The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 2241.  For the reasons discussed below, the Court will dismiss the Petition without

prejudice for failure to exhaust administrative remedies.

## I.    BACKGROUND

On March 30, 2021, Petitioner pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, knowing and intending that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 963 and 959(a). *United States v. Barrera-Salguedo*, 3 :19-0018-HEH-3 (E.D. Va.), ECF Nos. 62 (Minute Entry), 63 (Plea Agreement), 64 (Statement of Facts).[1] On August 10, 2021, the sentencing court imposed a 210-month prison term. *Id.*, ECF No. 87 (Judgment). According to the BOP's Public Information Inmate Data, Petitioner's prison term was later reduced to 126-months.[2] (Declaration of Ashley Crisson[3] ("Crisson Decl."), Attach. 1 ("Public Information Data").

The BOP determined that Petitioner is eligible to earn time credits under the FSA starting on September 28, 2021. Crisson Decl., Ex. 3 ("FSA Time Credit Assessment" Dkt. No. 7-1 at 15.) Through the end of 2025, Petitioner accrued 1535 program days, with 20 days excluded, which amounts to 735 time credits earned. (*Id.*; *see also* Crisson Decl. ¶ 7.) BOP exercised its discretion to apply 365 days of FSA time credits toward Petitioner's early transfer to supervised release. (*Id.*) The

---

[1] Available at Public Access to Court Electronic Records, www.PACER.gov.

[2] The docket entry for "USSC 821 Amendment Memorandum" on Petitioner's criminal docket, ECF No. 141, is filed under seal.

[3] Ashley Crisson is an Assistant Case Management Coordinator for the BOP at FCI Fort Dix. (Crisson Decl. ¶ 1.)

remaining credits are applicable toward BOP's discretionary decision regarding transfer to pre-release custody placement.  (*Id.*)  Assuming Petitioner receives all Good Conduct Time available to him by statute, his projected transfer date to supervised release is January 15, 2030.  (*Id.* ¶ 5; *see also* Public Information Data.) After deducting 12 months by applying FSA time credits, Petitioner's projected release date is January 15, 2029.  (*Id.*)  His earliest possible pre-release custody placement is May 2027. (Crisson Decl. ¶ 8; *see also* Public Information Data.) Furthermore, Petitioner did not file any administrative remedies concerning BOP's calculation and application of FSA time credits prior to filing the Petition. Declaration of Corrie Dobovich[4] ("Dobovich Decl.") ¶ 6; Ex. 1 ("Sentry Administrative Remedy Generalized Retrieval").

## II.    DISCUSSION

### A.    Exhaustion of Administrative Remedies

Federal inmates must ordinarily exhaust administrative remedies before filing a petition for habeas relief under 28 U.S.C. § 2241.  *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760-62 (3d Cir. 1996).  The Bureau of Prisons operates a multi-level administrative remedy program that begins with an informal remedy request, followed by appeal to the warden, then appeal to the appropriate BOP Regional Director, and finally to the BOP Central Office.  28 C.F.R. §§ 542.10 *et seq.*

---

[4] Corrie Dobovich is a Legal Assistant to the BOP at FCI Fort Dix who has access to BOP files maintained in the ordinary course of business.  Dobovich Decl. ¶¶ 1, 2.

A failure to exhaust administrative remedies "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citations omitted). Exhaustion may be excused if "the issue presented involves only statutory construction[.]" *Vasquez v. Strada*, 684 F.3d 431, 433–34 (3d Cir. 2012). Exhaustion is not excused solely because the petitioner seeks immediate release from confinement. *See*, *e.g.*, *Henderson v. Thompson*, No. CV 25-02720 (SRC), 2025 WL 2611912, at *3 (D.N.J. Sept. 10, 2025).

### B.    Analysis

Petitioner asserts in his Petition that he exhausted "[a]ll available remedies" and that challenges to statutory construction do not require exhaustion. (Petition at 3.) Petitioner did not explain or submit evidence concerning his exhaustion of "all available" administrative remedies. Respondent, however, explained that "[i]n the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue." (Dobovich Decl. ¶ 5.) Respondent submits that the BOP ran a search of the computerized index on January 16, 2026, which yielded no results for an administrative appeal filed by Petitioner. (Dobovich Decl. ¶ 6.) Without evidence to the contrary, the Court finds Petitioner failed to exhaust administrative remedies and turns to Petitioner's argument that he is not required to exhaust administrative remedies

because he raises an issue of statutory construction.

Exhaustion of administrative remedies is excused where the sole basis for relief is an issue of statutory construction. *Vasquez*, 684 F.3d at 433-34. The Petition raises four grounds for relief: (1) the BOP is unlawfully withholding hundreds of days of FSA earned time credits; (2) the BOP refuses to transfer Petitioner to prerelease custody under 18 U.S.C. § 3624(g); (3) Petitioner's ICE detainer has been removed; even if reinstated, it cannot bar FSA Credits; and (4) manual recalculation of FSA and Good Conduct Time proves Petitioner's true release date was March 1, 2025. (Petition at 11-14.) Statutory construction is not the sole issue presented in the Petition. Distinct from the language and meaning of the FSA, Petitioner is challenging the number of FSA time credits BOP has calculated, and how and when they should be applied. These are the types of issues the BOP may address via an administrative remedy, which promotes the goals of the exhaustion by permitting an agency to develop the factual record, correct its own mistakes (if any) and to save judicial resources. *See Moscato*, 98 F.3d at 761–62 (discussing reasons for administrative exhaustion requirement). Therefore, the Court will deny the Petition without prejudice for failure to exhaust administrative remedies.

An appropriate Order follows.

**DATE: June 23, 2026**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge